IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| THOMAS R. WILKINS, | : | BANKRUPTCY NO.: 5-16-bk-03421-JJT |
| DEBTOR | : | |
| GEORGE W. WESTERVELT, JR. and MARIANNE V. WESTERVELT, | : | {**Nature of Proceeding**: Motion to Convert Case Pursuant to 11 U.S.C. Section 1307(d)(Doc. #26)} |
| MOVANTS | : | |
| vs. | : | |
| THOMAS R. WILKINS and CHARLES J. DeHART, III, TRUSTEE | : | |
| RESPONDENTS | : | |

# OPINION

Creditors, George and Marianne Westervelt, have moved to convert the Chapter 13 Debtor, Thomas Wilkins, to a case under Chapter 11. The argument advanced is that the Debtor's schedules demonstrate he far exceeds the dollar limitations set forth in 11 U.S.C. § 109(e) and is thus ineligible to be in Chapter 13. That subsection reads:

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200 may be a debtor under chapter 13 of this title.

11 U.S.C.A. § 109(e)

The Debtor points out that his bankruptcy schedules show, on its summary page, secured creditors of $641,317.93 and unsecured creditors of $109,867.78. (Doc. #16.) None of these creditors are listed as contingent, disputed, or unliquidated. While these numbers are well within the limitations set out in § 109(e), Movants point out that the limited value of the collateral, set

out on the schedules as $75,000.00, means that the undersecured portion of secured debt would take the Debtor well over the unsecured limit.

The Debtor argues that, regardless of the degree to which a creditor may be unsecured, any amount of collateral will remove it from consideration as an "unsecured" creditor under § 109(e).  In support of his opposition to the Motion, the Debtor cites to the case of *In re Morton*, 43 B.R. 215 (Bankr. E.D.N.Y. 1984).  Nevertheless, "[t]he vast majority of courts holds [sic] that the second lienholder's debt, as wholly unsecured, does count toward the eligibility debt limit for unsecured debt.  A minority of courts hold otherwise." Thomas J. Salerno & Jordan A. Kroop, Bankr. Litig. & Prac. § 6.02 (4th ed. 2016-2 Supplement).  Included in the majority are the only circuit cases to address this specific issue.  *In re Scovis*, 249 F.3d 975, 983 (9th Cir. 2001); *In re Balbus*, 933 F.2d 246, 247 (4th Cir. 1991); *Miller v. United States*, 907 F.2d 80, 81-82 (8th Cir. 1990); *In the Matter of Day*, 747 F.2d 405, 407 (7th Cir. 1984).  While our Third Circuit Court of Appeals has not as yet addressed this issue, the shear weight of authority is heavily supportive of the Movants' position.  So, too, is the logic of such a position.  For example, should a $100,000 lienholder, whose tractor-trailer collateral is reduced to nominal value by a tragic accident, be denied the status of an unsecured creditor under the provision of § 109(e) because its totaled shell of a vehicle has a $500 metal scrap value?  I think not.

For the reasons indicated, the Motion shall be granted.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: February 14, 2017

[K:\Cathy\Opinions-Orders filed 2017\5-16-bk-03421-JJT_Wilkins.pdf]   2

Case 5:16-bk-03421-JJT   Doc 52   Filed 02/14/17   Entered 02/14/17 14:24:08   Desc
Main Document   Page 2 of 2