UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **THOMAS R. WILKINS**, aka | : | Chapter 11 |
| Thomas Robert Wilkins, aka | : | Case No. **5:16-bk-03421-JJT** |
| Thomas Wilkins, | : | |
| Debtor. | : | |

## DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

### ARTICLE I: SUMMARY

This Plan of Reorganization under Chapter 11 of the Bankruptcy Code proposes to pay all administrative and priority claims in full, surrender real estate in satisfaction of a mortgage, provides for payment of debts secured by a valid consensual security interests in full by co-obligors, and pay two classes of unsecured claims. This Plan of Reorganization provides for distributions by Debtor to creditors over a sixty (60) month period primarily from the income of Debtor.

This Plan provides for 7 classes of claims, including administrative claims (Class 1), priority claims (Class 2), two classes of secured claims (Classes 3 & 4) and three class of unsecured claims (Classes 5, 6 & 7.) Class 5 and Class 7 claims are impaired classes of claims. Class 5 claims are unsecured claims based on judgments that were less than five years old as of the date of the filing of the Petition, August 17, 2016. A distribution of approximately fifty-seven cents on the dollar is provided for Class 5 claims, on the basis that their judgments are enforceable. A distribution of approximately five cents on the dollar is provided for Class 7 claims, which are unsecured claims not supported by judgment or supported only by judgments that were older than five years as of the date of the filing of the Petition and not subject to a Writ of Revival.

This Plan also provides for an injunction against in favor of codebtors, avoidance and satisfaction of all judgments against Debtor, and vesting of real estate in the mortgage holder. This Plan also provides for potential deviation from a direct monthly payment schedule, with allowance, and initial requirement, to pay in advance, and subsequently up to sixty days behind the anticipated schedule of distribution.

### ARTICLE II: CLASSES OF CLAIMS

1. Administrative Claims

The Administrative Claims contemplated by the Plan are fees due to the Office of the United States Trustee, Attorneys for Debtor, NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C., and Accounts for Debtor, LAWRENCE CABLE AND COMPANY, LLP. Administrative claims will not be impaired.

1

2. Priority Claims

The Priority Claims contemplated by the Plan are amounts due to the United States Internal Revenue Service and the Pennsylvania Department of Revenue. Priority claims will not be impaired. These claims total $43,481.44.

3. Claim Secured by Motor Vehicle

The Claim Secured by Motor Vehicle contemplated by the Plan is a purchase money security interest of NBT Bank, N.A., secured by a 2009 Volvo XC70. Debtor is, at most, a cosigner of this loan, which is being paid in due course. This claim was $5,459.22 as of the date of filing of the Petition and is not impaired.

4. Claim Secured by Real Estate

The Claim Secured by Real Estate contemplated by the Plan is a mortgage to Wells Fargo Bank, N.A., secured by real estate known as 51 Lower Ridgeview Circle, East Stroudsburg, PA 18302. Said real estate shall be surrendered to Wells Fargo Bank, N.A., in satisfaction of any related claim of Wells Fargo Bank, N.A. This claim was $83,307.42 as of the date of filing of the Petition and is not impaired.

5. Unsecured Claims Related to Non-stale Judgments

This is a special class of Unsecured, Non-priority Claims, and one of three classes of unsecured claims contemplated by the Plan. The basis of discrimination in favor of this class is that outside of bankruptcy, these creditors would be able to execute upon and liquidate substantially all of Debtor's assets, leaving no viable means of collection to other unsecured creditors. This special class of unsecured claims shall be paid at a rate of fifty-seven (57%) percent of the balance of the timely filed and allowed Proof of Claim (with distributions rounded up to the nearest dollar). The Unsecured Claims Related to Non-stale Judgments contemplated by this Plan are the claims of Landmark Community Bank and George W. Westervelt, Jr., and Marianne V. Westervelt. These claims were $209,994.92 as of the date of filing of the Petition and are impaired, with a proposed total payment to claims in this class of $121,268.

6. Unsecured Claim Required to be paid by Ongoing Businesses

This is a special class of Unsecured, Non-priority Claim, and one of three classes of unsecured claims contemplated by the Plan. This special class of unsecured claim is a represents a guarantee by Debtor of third-party obligation of Bentamor, L.P. The Unsecured Claim Required to be paid by Ongoing Businesses contemplated by this Plan is the claim of Better Homes and Gardens Real Estate, LLC. This unsecured claim shall be reaffirmed, and not subject to Discharge. This claim shall be paid in due course by Bentamor, L.P., and related entities. This claim shall not be funded by the Plan. This claim was $170,682.93 as of the date of filing of the Petition and is not impaired.

7. General Unsecured Claims

This class is composed of all other Unsecured, Non-priority Claims, and one of three classes of unsecured claims contemplated by the Plan. The basis of discrimination in against this class is that outside of bankruptcy, these creditors would be unable to execute upon Debtor's assets, as the Unsecured Claims Related to Non-stale Judgments have priority and the ability to execute on Debtor's assets outside of bankruptcy , leaving no viable means of collection to these unsecured creditors. This special class of unsecured claims shall be paid at a rate of five (5%) percent of the balance of the timely filed and allowed Proof of Claim (with distributions rounded up to the nearest dollar). The General Unsecured Claims contemplated by this Plan are the claims of Gross McGinley, LLP, the general unsecured portions of the claims of United States Internal Revenue Service and the Pennsylvania Department of Revenue, and the five unsecured claims of Wells Fargo Bank, N.A. (Proof of Claim Nos. 5, 6, 11 , 12 and14.) These claims totaled $410,595.53 as of the date of filing of the Petition and are impaired, with a proposed total payment to claims in this class of $23,452.

### Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. The procedures for resolving disputed claims are set forth in Article IV of the Plan.

### ARTICLE III: TREATMENT OF CLAIMS

**A. Distributions by Class**

1. Class 1 Distributions: $1,500 monthly beginning within 30 days of Confirmation.

2. Class 2 Distributions: $2,400 monthly beginning within 30 days of Confirmation, including $951.34 to the Pennsylvania Department of Revenue and $1,448.66 to the Internal Revenue Service in Month 1, $2,400 to the Internal Revenue Service in months 2 through 18, and $281.44 to the Internal Revenue Service in Month 19.

3. Class 4 Distributions: Upon confirmation, 51 Lower Ridgeview Circle, East Stroudsburg, PA 18302 shall be deemed surrendered to the Class 4 Creditor. Debtor shall be authorized to execute a deed to Wells Fargo Bank, N.A., it successors or assigns.

3

4. Class 5 Distributions: $772 monthly beginning within 30 days of Confirmation for 19 months, then $2,700 in months 20 through 60.

5. Class 7 Distributions: $472 monthly beginning in month 20 and continuing through month 60, for a total of $19,352.

B. **Specific Distributions by Class and Creditor**

1. Administrative Claims

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition date | 0.00 | Not applicable |
| The value of goods received in the ordinary course of business within 20 days before the Petition date | 0.00 | Not applicable |
| Professional Fees, as approved by the Court, to NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C., and LAWRENCE, CABLE & COMPANY, L.L.P. | To be determined | Paid upon approval of application to the extent allocated in Cash Flow Projections ($1,500 per month), subject to available funds. |
| Clerk's Office Fees | 0.00 | Not applicable |
| Other administrative expenses: None | 0.00 | Not applicable |
| Office of the U.S. Trustee expenses | 0.00 | Fees are current. Future fees paid when they become due. |
| **TOTAL** | To be determined | |

4

2. Priority Claims

| Description of Tax | Estimated Amount Owed | Treatment |
|---|---|---|
| Internal Revenue Service | 42,530.10 | Claim paid in full (100%) a) $1448.66 within 30 days of Confirmation, then $2,400 for 17 months, then $281.44 in month 19 ($42,530.10). |
| Pennsylvania Department of Revenue | 951.34 | Claim paid in full (100%) within 30 days from the date of confirmation. |

3-4. Class(es) of Secured Claims

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under §506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 3 | NBT Bank, N.A. Collateral: 2009 Volvo XC70 Claim Amount: 5,459.22 | No | No | Claim paid in full (100%) by co-obligor. |
| 4 | Wells Fargo Bank, NA Collateral: 51 Lower Ridgeview Circle, East Stroudsburg, PA Claim Amount: 83,307.42 Priority of Lien: 1st priority mortgage | No | No | Surrender to Creditor upon confirmation. |

5

5-7. Class(es) of General Unsecured Claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under §507(a) of the Code. Upon completion of all payments due pursuant to this Plan, the judgments held by any class of General Unsecured Claim shall be avoided.

The following chart identifies the Plan's proposed treatment of Classes of Unsecured Claims:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 5 | Unsecured Claims Related to Non-stale Judgments<br><br>a) Landmark Community Bank: $ 33,625.51<br>&<br>b) George W. Westervelt, Jr., & Marianne V. Westervelt: $ 176,369.41 | Yes | 57.75% in installments beginning within the 30 days of the Confirmation.<br>a) $123.62 for 19 months, beginning with within 30 days of Confirmation, then $416.33 for 41 months ($19,418.31).<br>b) $648.38 for 19 months, beginning with within 30 days of Confirmation, then $2,183.67 for 41 months ($101,849.69). |
| 6 | Unsecured Claims Required to be paid by Ongoing Business | No | 100% payment by primary obligor. Debt reaffirmed by Debtor. |
| 7 | General Unsecured Claims<br><br>The claims of general unsecured portions of the claims of United States Internal Revenue Service and the Pennsylvania Department of Revenue, the claim of Gross McGinley, LLP, and the five unsecured claims of Wells Fargo Bank, N.A. (Proof of Claims Nos. 5, 6, 11, 12 and14.)<br>Total Claims Amount: 410,595.53 | Yes | 5.72% - beginning 20 months from the date of confirmation in the combined amount of $23,452. |

| 7 | General Unsecured Claims<br>Total Claims Amount:<br>410,595.53<br>By Proof of Claim No.:<br>a. Gross McGinley, LLP (3)<br>b. Wells Fargo Bank, N.A. (5)<br>c. Wells Fargo Bank, N.A. (6)<br>d. Wells Fargo Bank, N.A. (11)<br>e. Wells Fargo Bank, N.A. (12)<br>f. Wells Fargo Bank, N.A. (14)<br>g. Internal Revenue Service (2)<br>h. PA Dep't of Revenue (4) | Yes | 5.72% - beginning 20 months from the date of confirmation in the combined amount of $23,452.<br><br>a. $21.72 monthly, months 41-60<br>b. $1.60 monthly, months 41-60<br>c. $2.03 monthly, months 41-60<br>d. $468.57 monthly, months 41-60<br>e. $74.41 monthly, months 41-60<br>f. $1.10 monthly, months 41-60<br>g. $2.49 monthly, months 41-60<br>h. $0.08 monthly, months 41-60 |
|---|---|---|---|

## ARTICLE IV: ALLOWANCE AND DISALLOWANCE OF CLAIMS

**A**.  <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed (by a final non-appealable order) and as to which either:  (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and Debtor has scheduled such claim as disputed, contingent or unliquidated.

**B.**  <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed (by a final non-appealable order.)

**C.**  <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE V:
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor has no executory contracts.  Debtor is a party to contracts between third parties, but in the nature of a guarantor with regard to business contacts. For example, the Class 6 Claim is an obligation Debtor has on a franchise agreement.  Debtor is a party, but neither the franchisor nor franchisee.

7

Case 5:16-bk-03421-JJT    Doc 150    Filed 12/22/17    Entered 12/22/17 17:02:21    Desc
Main Document      Page 7 of 11

# ARTICLE VI: MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor's income is the primary source of payments to fund the Plan. Debtor received salaried income from a business primarily owned, indirectly, by Debtor. Additionally, Debtor receives accounts receivable from businesses primarily owned, indirectly, by Debtor, income from referrals, and distributions from businesses primarily owned, indirectly, by Debtor.

# ARTICLE VII: GENERAL PROVISIONS

**A.** <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**B.** <u>Effective Date of the Plan</u>. The effective date of the Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

**C.** <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**D.** <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**E.** <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**F.** <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

# ARTICLE VIII: DISCHARGE

On the confirmation date of this Plan, Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in §1141(d)(1)(A) of the Code, except that Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in §1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; (iii) of a kind specified in §1141(d)(6)(B); (iv) of any student loan; or (v) Class 6 Claim(s).

# ARTICLE IX: OTHER PROVISIONS

    A.    **Injunction in favor of Codebtors.**

Debtor's income is derived primarily from businesses he owns, directly or indirectly, multiple of which are Codebtors. Debtor's income is required to fund the Plan. In order to preserve the income necessary to consummate and complete the Plan, an injunction effectively extending the automatic stay to Codebtors is required.

Confirmation of this Plan shall provide an injunction against Codebtors of Debtor, specifically including all of the entities listed in Section I.C.5., above, entitles businesses, including all subsidiaries of WARE, Inc. This injunction shall have the same force and effect of the codebtor stay codified at 11 U.S.C. § 1301, but shall explicitly extend to all debts, and **not** be limited to consumer debts.

    B.    **Avoidance of judgments/liens.**

Upon completion of all payments due pursuant to this Plan, the judgments held by any holder of any Class of General Unsecured Claim shall be avoided, and marked satisfied. If the holder of any such claim does not satisfy the judgment, Debtor may file a copy of the Final Decree and the Plan with the appropriate office of the Court of Common Pleas to effect satisfaction and avoidance of the judgment. This treatment shall explicitly apply to the following judgments, with regard to all parties to such judgments:

1. Wells Fargo Bank, NA, sbm Wachovia Bank, NA, v. Thomas R. Wilkins, entered on or about August 10, 2010, indexed to 2010-cv-7513.

2. Wells Fargo Bank, NA, sbm Wachovia Bank, NA, v. Thomas R. Wilkins, entered on or about July 10, 2012, indexed to 2010-cv-7541.

3. Landmark Community Bank v. WARE, Inc., and Thomas R. Wilkins, entered on or about December 12, 2012, indexed to 2012-cv-10283.

4. George W. Westervelt, Jr., and Marianne V. Westvelt v. Thomas R. Wilkins, Wilkins & Associates Real Estate, Inc. t/a Better Homes & Gardens Wilkins & Associates Real Estate, NEPA Management Associates, Inc., Pennsylvania First Settlement Services II, L.P., and Wilkins Investment Group, Inc., entered on or about August 12, 2016, indexed to 2015-cv-8688.

### C. Surrender and Optional Vesting of Real Property

A rental property known as 51 Lower Ridgeview Circle, East Stroudsburg, PA 18302 ("the Property"), is being surrendered via the Chapter 11 Plan. Confirmation of this Plan shall constitute an Order Granting Relief from Stay with regard to the Property in favor of Wells Fargo Bank, NA, or any successor or assignee. Wells Fargo Bank, NA, or any successor or assignee, may proceed with any and all *in rem* rights it has under state law including foreclosure. Confirmation of this Plan shall authorize Debtor to transfer, and authorize Wells Fargo Bank, NA, or any successor or assignee, to accept, a Deed to the Property. Nothing in this Plan shall require Debtor to proffer or accept, or require, Wells Fargo Bank, NA, or any successor or assignee, to accept, a Deed to the Property.

### D. Reaffirmation of Debt with Co-obligor Required for Business Operations.

The claim of Better Homes and Gardens Real Estate, LLC, shall be reaffirmed, pursuant a reaffirmation agreement of record, and not subject to Discharge.

### E. Advance & Late Payment(s).

Confirmation shall authorize distribution in advance of the proposed distribution schedule(s) in Article III above, in equal monthly distributions. Debtor shall not be in violation of the terms of this Plan and the Confirmation Order so long as distributions pursuant to the Plan are not more than sixty (60) days delinquent. Within thirty (30) days of Confirmation of this Plan, distribution of six months of Plan payments shall be made to Class 2 and Class 5 creditors. This will effectively implement a Plan with a fifty-four (54) to fifty-six (56) month duration.

### F. Default Provisions.

1. General.

Subject to the provisions of Article IX. E., above, the failure of Debtor to make distributions in accordance with Article III, above, shall constitute cause for conversion to Chapter 7. Any creditor or party in interest that is to receive a distribution pursuant to Article III, above, and has not been paid all amounts due in accordance with Article III, above, may certify a default and request a hearing on conversion to Chapter 7 pursuant to this Plan provision.

2. Tax Claimants

Subject to any applicable extensions, Debtor shall pay all federal taxes as they become due and will file all federal tax returns on a timely basis and will comply with all provisions of Title 26, U.S.C. Subject to the provisions of Section VI. E., if Debtor fails to make any payment called for under this Plan, or fails to abide by any other term of this Plan applicable to the Internal Revenue Service, then the United States may declare that Debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that Debtor is in default. If the United States declares Debtor to be in default of its obligation under this Plan, and Debtor fails to cure such default within 60 days thereof, then the entire liability, together with any unpaid current liabilities, shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code, without the need for Bankruptcy Court approval. This shall include full reinstatement of the administrative collection powers and the rights of the Internal Revenue Service as they existed prior to the filing of the bankruptcy petition in this case, including, but not limited to, the assessment of taxes, the filing of the Notice of Federal Tax lien and the powers of levy, seizure, and sale under Subtitle F, Procedure and Administration, of the Internal Revenue Code.

Date: December 7, 2017    By: /s/ Thomas R. Wilkins
                          Thomas R. Wilkins, Debtor


                          NEWMAN, WILLIAMS, MISHKIN,
                          CORVELEYN, WOLFE & FARERI, P.C.

Date: December 7, 2017    By: /s/ J. Zac Christman
                          J. Zac Christman, Esquire
                          Attorneys for Debtor
                          PO Box 511, 712 Monroe Street
                          Stroudsburg, PA 18360
                          (570) 421-9090; fax (570) 424-9739
                          jchristman@newmanwilliams.com

11